# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASPC Corp., f/k/a AcuSport Corporation, | ) | Case No. 18-52736 |
| | ) | |
| Debtor. | ) | Honorable John E. Hoffman, Jr. |
| | ) | |
| | ) | |
| John B. Pidcock, not individually but as Trustee of the ASPC Creditor Trust, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. |
| v. | ) | |
| | ) | |
| Optum Bank, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C § 547, TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

John B. Pidcock, not individually but solely as Trustee (the "Creditor Trustee") of the ASPC Creditor Trust (the "Creditor Trust"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential transfers against Optum Bank (the "Defendant") pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), and to disallow any claims held by Defendant pursuant to section 502 of the Bankruptcy Code. In support of this Complaint, the Creditor Trustee hereby alleges upon information and belief as follows:

0141966.0719590  4852-7812-2171

## NATURE OF THE CASE

1.  This action is commenced pursuant to sections 547 and 550 of the Bankruptcy Code to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential transfers of property made by ASPC Corp. f/k/a AcuSport Corporation (the "Debtor") that occurred during the ninety (90) day period prior to the commencement of the Debtor's chapter 11 case.

2.  In addition, the Creditor Trustee seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant, unless Defendant has paid to the Creditor Trustee any amounts for which it is liable under sections 547 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this adversary proceeding which arises under title 11 of the United States Code, and is related to the above-captioned bankruptcy case (the "Bankruptcy Case") pending before the United States Bankruptcy Court for the Southern District of Ohio (the "Court"), pursuant to 28 U.S.C. §§ 157 and 1334.

4.  The causes of action set forth herein concern the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 502, 547, and 550, and, as such, constitute a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6.  The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. The Creditor Trustee states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **BACKGROUND OF THE BANKRUPTCY CASE**

8. On May 1, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtor operated its business as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

9. On January 28, 2019, the Court entered an order (the "Confirmation Order") confirming the *Agreed First Amended Plan of Liquidation of Debtor and Official Committee of Unsecured Creditors* [Dkt. No. 422] (the "*Plan*").

10. Among other things, the Confirmation Order approved the formation of the Creditor Trust and the appointment of the Creditor Trustee (each as defined in the Plan).

11. The Plan provides for the transfer by the Debtor to the Creditor Trust, and the vesting in the Creditor Trust, of substantially all remaining assets of the Debtor's estate (defined in section 1.26 of the Plan as the "Creditor Trust Assets"), which include, but are not limited to, the Debtor's right, title and interest in and to all Causes of Action. Plan, at § 8.2. Section 1.16 of the Plan defines the term Causes of Action broadly to include substantially every claim and cause of action held by the Debtor "relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date." Avoidance Actions, defined to include, *inter alia*, causes of action pursuant to sections 547 and 550 of the Bankruptcy Code, constitute Creditor Trust Assets transferred to the Creditor Trust. Plan, § 1.6.

12. The Plan further provides that the Creditor Trustee shall "have exclusive standing (including derivative standing to pursue Causes of Action on behalf of the Debtor) to commence Causes of Action, and to continue litigating, as successor-in-interest to the Debtor, any other

3

litigation Causes of Action that were pending as of the Effective Date, regardless of venue." Plan, at § 8.4.

13. On April 1, 2019, the Effective Date of the Plan occurred. Accordingly, the claims and Causes of Action set forth in the instant Complaint, and standing to prosecute this adversary proceeding, have transferred to the Creditor Trust.

## THE PARTIES

14. Under the Plan, the Creditor Trustee is authorized to investigate, prosecute and resolve all non-released Avoidance Actions, including the action that is the subject of this Complaint.

15. Upon information and belief, the Defendant was, at all relevant times, a vendor to, or creditor of, the Debtor.

## FACTUAL BACKGROUND

16. Prior to the Petition Date, in the ordinary course of business, the Debtor maintained business relationships with various business entities, including manufacturers, landlords, suppliers, distributors, and professional services firms, and regularly purchased, sold, received, and/or delivered goods and services in support of its operations.

17. During the ninety (90) day period prior to the Petition Date, that is, between January 31, 2018 and May 1, 2018 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of cash and other property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

18. During the course of their relationship, the Debtor and Defendant entered into agreements or other trade relationships, which are evidenced by invoices, communications, and other documents (collectively, the "Agreements").

19. The Debtor and Defendant conducted business with one another during the Preference Period pursuant to the Agreements.

20. The Creditor Trustee has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest in the Debtor's property made by the Debtor to the Defendant within the Preference Period.

21. Prior to Plaintiff filing this Complaint, he served demand letters on Defendant on or about October 25, 2019 and March 27, 2020 (the "Demand Letters"), seeking a return of the Transfer(s). The Demand Letters indicated the potential statutory defenses available to Defendant and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same. Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant, based on the documents and information made available to him by Debtor.

22. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

23. The Creditor Trustee has determined that the Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of the Defendant during the Preference Period through payments aggregating to an amount of not less than $75,485.99 (with each individual transfer being a "Transfer" and all Transfers collectively, the "Transfers"). The details of each of the Transfers are set forth on Exhibit A attached hereto and incorporated by reference herein.

24.     During the course of this adversary proceeding, the Creditor Trustee may learn (through discovery or otherwise), of additional transfers made by the Debtor to the Defendant during the Preference Period.  It is the Creditor Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of the Defendant or any other transferee.  The Creditor Trustee reserves the right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan, if applicable (collectively, the "Amendments"), that may become known to the Creditor Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

25.     The Creditor Trustee acknowledges that some of the Transfers might be subject to defenses under section 547(c) of the Bankruptcy Code, for which the Defendant bears the burden of proof under section 547(g) of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

26.     The Creditor Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

27.     Each of the Transfers was made to the Defendant by the Debtor as identified on Exhibit A, attached hereto and incorporated herein.

28.     The Debtor made the Transfers to or for the benefit of the Defendant in an aggregate amount of not less than $75,485.99.

29. The Transfers were made from one or more of the Debtor's accounts and constituted transfers of an interest in property of the Debtor.

30. During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of supplying to the Debtor the goods and/or services identified in the Agreements, for which the Debtor was obligated to pay, in accordance with the Agreements. *See* Exhibit A.

31. Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor under the Agreements to the Defendant as identified in Exhibit A.

32. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor identified on Exhibit A to the Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Debtor. *See* Exhibit A.

33. Each Transfer identified on Exhibit A was made while the Debtor was insolvent. The Creditor Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

34. Each Transfer was made during the Preference Period. *See* Exhibit A.

35. As a result of each Transfer, the Defendant received more than it would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of its debts under the provisions of the Bankruptcy Code. The Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Creditor Trust under the Plan.

36. The Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

37. Accordingly, the Creditor Trustee is entitled to an order and judgment against the Defendant avoiding each Transfer pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

### (Recovery of Avoided Transfers – U.S.C. § 550)

38. The Creditor Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

39. The Creditor Trustee is entitled to avoid the above-described Transfers pursuant to section 547(b) of the Bankruptcy Code.

40. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

41. Pursuant to section 550(a) of the Bankruptcy Code, the Creditor Trustee is entitled to recover from Defendant all Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

### (Disallowance of Claims – 11 U.S.C. § 502(d))

42. The Creditor Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

43. The Defendant is a transferee of Transfers avoidable pursuant to section 547 of the Bankruptcy Code, which Transfers are recoverable under section 550 of the Bankruptcy Code.

44. The Defendant has not paid the amount of the Transfers or turned over such property for which the Defendant is liable under section 550 of the Bankruptcy Code.

45. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against the Debtor must be disallowed until such time as Defendant pays the Creditor Trustee the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

## RELIEF REQUESTED

**WHEREFORE,** the Creditor Trustee respectfully requests that this Court enter an order providing the following relief against Defendant:

A. On Count I, judgment in favor of the Creditor Trustee and against the Defendant, avoiding the Transfers;

B. On Count II, judgment in favor of the Creditor Trustee and against the Defendant, directing the Defendant to return to the Creditor Trustee the amount of the Transfers, pursuant to 11 U.S.C. § 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C. On Count III, judgment in favor of the Creditor Trustee and against the Defendant, disallowing any claims filed by the Defendant or scheduled in its favor in the Debtor's chapter 11 case until the Defendant returns the Transfers to the Creditor Trustee pursuant to 11 U.S.C. § 502(d); and

D. Such other relief as this Court may deem just and proper.

Dated: April 30, 2020                               Respectfully submitted,

*/s/ Douglas L. Lutz*
Douglas L. Lutz
A.J. Webb
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
dlutz@fbtlaw.com
awebb@fbtlaw.com

*Local Counsel for the Creditor Trustee*


**TUCKER ELLIS LLP**

Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Tel: (312) 624-6300
Thomas.Fawkes@tuckerellis.com
Brian.Jackiw@tuckerellis.com

*Counsel for the Creditor Trustee*